Madam Clerk, would you call the next case for argument, please? The next case for argument this morning is 15 33 55 and 16 11 23 District of Minnesota Michael loose at all versus BNSF Railway Company at all Very well, we'll hear from counsel Mr. Wolf yes, I am your honor Michael divided your time, and so we'll expect you to follow Yes Yes, your honor Michael wolf for the appellant Michael Lowe's who is also the cross Appellee on the railroad retirement tax issue. I'd like to if I can reserve five minutes for rebuttal There are two important issues in this case regarding the whistleblower Blower statute the issue on appeal and also the Railroad Retirement Tax Act Application to FBI lay judgments Which is the issue on the cross appeal and if the court would indulge me I would like to focus on the tax issue first Under the Internal revenue code it's clear that judgments For personal physical injuries are not taxable They're not taxable income It's equally clear that Under FICA If it's not income it's not wages Right long line of cases that say that but hold that wages in other words is a subset of income So if it's not taxable income it can't be deemed wages Physical personal injury awards are not subject to FICA withholding taxes the Railroad Retirement Tax Act Refers to compensation FICA refers to wages, but the Internal Revenue Service's own regulations provide that the definition of compensation under the RRTA is the same as the definition of wages under FICA Except as expressly limited by the RRTA Okay, so under that rubric of the statute and the IRS's regulations Income is the big circle if we're talking about Venn diagrams FICA wages is a smaller circle within that big circle and RRTA compensation is a smaller circle within the FICA circle of wages in other words because RRTA compensation can only be limited by the act to something smaller than wages under FICA If something is not FICA wages is not subject to FICA taxes. It cannot be subject to RRTA taxes and that's the case with Awards for personal physical injuries under section 104 a 2 of the Internal Revenue Code In other words regulations under the Railroad Retirement Tax Act can't expand The definition of compensation under the RRTA Beyond the scope of what would be considered wages under FICA It can only limit it unless expressly limited by the RRTA or its regulations So in other words the railroads in the United States argument that no Compensation means something more than wages under FICA and therefore it comprehends payments on personal injury rewards Is not possible under the statutory and regulatory structure, and it's really important to keep this in mind The FELA has been around for over a hundred years The Social Security Act and the Railroad Retirement Act and the FICA have been around for many many decades In all of that time no one has ever thought argued considered said That payments on FELA judgments are subject to withholding under the RRTA Never been an issue Until around 2013 when the railroad starts making that argument for the first time in a case in Nebraska and in a case in Iowa and then Eventually in Missouri in the Mickey case and then in the Eastern District of Missouri in the Cowden case There's been no change in the regulation There hasn't been any notice by the IRS saying well, we're reinterpreting the regulation Which you couldn't do because it already has a regulation that says that compensation under the RRTA is a limited subset of wages Under FICA and certainly more limited than income It's never there's no evidence of the IRS issuing a letter to the railroads Stating that you've been paying all of these judgments you owe us millions upon millions of dollars and back Taxes on these things nothing no explanation for why suddenly in 2013 everything changes and This is a critically important issue because there are thousands at the FELA cases and the court I'm sure recognizes that the FELA is a remedial statute intended to Protect railroad workers and provide them full compensation for their injuries caused by the railroads negligence In thousands of these cases Railroad employees are arguing for the full amount of the compensation Let's do them without any knowledge of the fact that the judgment may be deemed to be Taxable compensation and some amounts going to be taken out so that the employee doesn't get The full amount of what the jury has determined is his or her loss from the railroads negligence But here we're talking about lost wages, right? It's not it's not just lost wages you're on It's lost earning earning capacity that's brought about by the injury, right? So if we could take a different example a surgeon who suffers from somebody's negligence And his hands or her hands are now damaged and cannot perform surgery anymore That's a capital loss in a sense of it of the surgeon can't perform That sort of work anymore and earn what that surgeon could have earned From the point of injury on so that's really the nature of the kind of the compensation that's being awarded But even if it is in the nature of lost wages Here's what you could have earned up until the point in time that you stopped working for the railroad and then what you could have earned in the future Congress has made clear in section 104 a to That even if that's part of the award for personal physical injury It's all exempt from income And there's any number of reasons for why Congress would have made that decision and the amicus brief by the AHA on our behalf Sets out a number of those and the simplest of which could be is that this person suffered a physical injury That's very serious that person should receive full compensation of it and not pay any have any taxes Withheld from it And not now the importance of the point as to why no one none of the FDLA employees railroad employees or FDLA attorneys have been given any notice of the What the IRS is now claiming has affected these judgments is important because the a circuit model jury instructions 15.73 following the Supreme Court's decision in Lee pulp says that when you're making a claim for lost wages You can only claim your net compensation net after taxes Right. So all of the evidence that's coming in as to what I'm losing Monetarily because of my injury is coming on in a net after-tax amount yet When I finally get collection on that judgment now They're saying well, we're gonna take out more taxes again. That doesn't make any sense. It's double taxation It's it doesn't make any sense and nobody is Expecting that the Supreme Court certainly wouldn't have ruled in Leopold that lost wages has to be determined by net after-tax amounts If there was any inkling that well, in fact payments on these things Are going to be subject to our ta taxes. Here's another important point Assume for the sake of argument that instead of the railroad paying part of the hundred forty thousand forty five thousand dollar Judgment that mr. Lowe's received from the jury We had to go execute on that amount and let's assume that we went and grabbed one of their Locomotive engines and sold it on the courthouse steps and got a hundred and forty five thousand dollars for it Is the IRS now going to go to the NSF and say you all are ta taxes on that They wouldn't it would be it would be a nonsensical argument. That's not payment of compensation for the employment relationship under the definition of the RRT a It's satisfaction of the judgment for personal physical injuries, which Congress has said is exempt from taxation Therefore no RRT a taxes can be or are due on this Now That really puts an end to the question because it's a simple proposition It's one that the IRS itself has stated In a number of its publications that we point out in our brief that it's not subject to income taxation. It's not subject to Withholding taxation and that's withholding taxation as to whether it's FICA or whether it's the RRT a and on the RRT a Side keep in mind that that's the FICA the FICA taxation provision for railroad employees, so the tier one taxes Are the deductions that are taken out to fund The railroad employees Social Security benefits in the loose sense of the term and our credit for Social Security purposes When the employer leaves the employee of the railroad Now It's important also to keep in mind that although we're only talking about $3,000 in this case we can be talking about a substantial amount of money in other cases It was around $13,000 in Mickey. It was well over $40,000 in the Cowden case if the railroad employee has suffered an extremely serious injury and receives an award of ten million dollars as his damages from that award keep in mind that although the Social Security or Tier one component and the tier two component have salary caps as to the tax For Medicare purposes there is no cap It's one point four or five percent on the entire amount on that entire ten million dollars in addition We have the recently enacted Medicare surtax of zero point nine percent on income over $200,000 or two hundred fifty thousand dollars that filing jointly now that's potentially subject to that to that tax also because The taxation statute taxes as of the time of payment At the rates that are in effect at the time of payment subject to the higher caps that are in effect in time of payment even though if All were portion of that amount were allocated to the unique phrase creditable compensation Say five years ago when the employee was working for the railroad the rates back Then would have been lower the caps would have been lower there wouldn't have been a Medicare surtax The employee wouldn't have had those taxes withheld from his pay if that judgment were made to him Paid to him in the form of regular Employment compensation during the time he was working for the railroad so the stats the statues are so disparate in terms of The benefits and the taxes the benefits and the taxes are so far apart from each other in terms of how they operate One can't just say even disregarding the statutory and regulatory language that just because you might receive Railroad retirement benefits you must pay railroad retirement taxes because the taxes that are collected don't directly fund the benefits that are paid out So as the Missouri Supreme Court in the Mickey case very clearly laid out in its decision As Judge Weber in the Cowden case laid out in his decision at least as to the 104a2 aspect of this thing of his decision Satisfaction of that the LA judgments is not subject to our RTA Taxation and Mr. Lowe's in this case is entitled to payment in full of the judgment that he received from the jury in this case Now moving on to unless your honors had any particular questions on that I'm moving on briefly to the whistleblower act the issue there is when the statute provides that The employee has a right of action If his termination is due in whole or in part to protected activity and the railroads Attempt at a justification for the termination has to be by clear and convincing evidence Whether the railroad can get a summary judgment as happened in this case on their claims Just because they happen to have evidence on their side that shows a plausible explanation for the termination Because the statute Uses that phrase in whole or in part and this court has understood that to mean Discriminatory action has to be a contributing factor only not the cause for the termination just a contributing factor that very generous pro employee at the LA based causation standard as such that so long as the employee produces Substantial evidence of a discriminatory or retaliatory motive on the part of the railroad Then the district court cannot enter summary judgment just because the judge believes the railroad and not the employee As under the FBLA that is a decision that must be left to the jury to decide And in this case the jury gave mr. Lowe's everything that he asked for for his FBLA damages So that would tend to indicate that the jury may well have believed mr. Lowe's aside of the story regarding the whistleblower statute, and I'll reserve the balance of my time for rebuttal MacArthur yes morning you may proceed May it please the court I'm arguing on behalf of BNSF and the Federal Railroad Safety Act appeal My colleague will handle the tax related questions Just to start off with what mr Lowe's his counsel ended with the standard in the Eighth Circuit for proving a violation of the Federal Railroad Safety Act is intentional retaliation Prompted by protected activity and a plaintiff has to prove that by a preponderance of the evidence here Mr. Lowe's did not do that This case is about the dismissal of an employee who repeatedly failed to meet a core requirement of his job Which is full-time attendance for six years BNSF disciplined mr. Lowe's for attendance violations his attendance got so bad that in April 2010 before mr Lowe's reported an injury and before he testified at the Gunderson hearing BNSF stepped outside its attendance discipline system and charged him with what was essentially in subordination as a result Mr. Lowe's received a level-s suspension Which was the first step in a disciplinary progression that ultimately led to his dismissal The plaintiff here only has to show that it's a contributing factor, right? Correct. It doesn't have a lower standard than other retaliation It doesn't have to be for instance a motivating factor What about this argument though that Kluver I think is the name was similarly situated and he was allowed to use the ION code to avoid an absence and And when you add to that apparently some evidence of a Supervisor saying if you testify at this hearing it's gonna be trouble for you Why isn't that enough to at least raise a question of fact about? Whether it was a contributing factor For a lot of reasons for one thing. Mr. Lowe's was not dismissed because he tried to use the ION code and was denied He took out women, but that had he been able to use that he wouldn't have had the requisite absences from which he could have then reached the correct level of Where he could then be terminated, you know in their progressive system those disciplines aren't under issue here And they are time barred but to more directly address the judges question The record we believe and we point this out in our brief doesn't actually support that Mr. Kluver was allowed to use the ION code in the way that mr Lowe's said that he was he wasn't returned fully to work and then able to take off at will for up to nine days a Month going forward indefinitely. I mean also mr. Kluver and mr Lowe's engaged in the same protected activity, which is reporting a workplace injury So under this court's reasoning in Gunderson that undermines the inference of retaliation because the disparate treatment can't be explained by that Judge Gunder you also mentioned I believe a manager saying this could be bad for you. That was Mr. J who was a train master and the context of that quote if you'll look at the site in the appellant's brief The context of that quote is actually talking about the investigation That mr Lowe's received and of course it could be bad for him to receive an investigation notice when he was at the third step in a Four-step progressive discipline system, but more importantly, mr. J was a low-level manager who wasn't even involved in the termination decision So all of this stuff is basically I think spaghetti at the wall Anybody can point to one or two cut statements that he or she has heard but he hasn't tied it to the ultimate decision-maker. I Apparently the railroad Sent mr. Lewis an investigating Investigation notice for missing work the day they testified Is not right So the attendance system at BNSF is basically sorry the attendance system at BNSF is basically computerized and it's true that lower-level managers did send a It was discovered that BNSF was you know, basically Noticing an investigation for time missed for testimony at a hearing they immediately reverse course. So it's the opposite of retaliation Make the respectful suggestion that that's one inference that could be drawn from this evidence, but isn't there another inference and that is that there was some retaliatory motive here and That might be probative in another in another case, but not here. We're both before and after mr Lowe's his testimony at the 2012 hearing BNSF had consistently disciplined him for attendance violations. And by the time that's a good jury argument But I'm just asking I don't mean to be argumentative here. But I mean, that's They shouldn't have done that That's correct. BNSF admits it. I don't think I mean, that's just that's a blunder, isn't it? It was a blunder and it was a mistake and it was a mistake. That was corrected Well, yeah after after the lawyer was consulted and the lawyer says, you know, you should have done that All right Correct. Well, I mean, I Understand what inference you want a jury to draw but is that a necessary inference? Well, I don't even think that that evidence Explanation that the jury have to accept that Let's assume that BNSF did issue the notice of attendance on purpose as opposed to as a mistake I still don't think that's sufficient evidence to show that BNSF was intentionally Retaliating on down the line of when mr Lowe's again violated the attendance policy by taking days off that weren't even related to his injury Well Okay And I think just to speak more to that we're talking about two attendance violations between the time of mr Lose's workplace injury report and then the time of the investigation the investigation happens and again, mr. Lowe's commits an attendance, but I think the evidence is quite clear that BNSF could have reasonably discharged him on account of his Absent to be a Absenteeism I agree with that. But when that's evidence that should be considered at the contributing factor stage It's not only evidence that's applicable for BNSF's affirmative defense. The question is my question is what isn't and that's It wouldn't be inconsistent with that proposition to say there's also evidence that that is testifying. What? Was a contributing factor That it was in another words in the minds of the railroad and some sort of generic abstract sense at the time That he was terminated I think it's simply not enough here under this course reasoning and kudak under this court's reasoning in Haim You need more than just one thing following from another and there's no evidence for instance that mr. Wright or mr. Bailey or mr Albany's the people who were involved in the final decision to dismiss. Mr. Attendance violations were involved at all Excuse me, that would be an important circumstance if true I'm sorry, if you said what you really thought you'd say we should have fired this guy a long time ago Now we're being punished That's probably  We thank you for your argument Mr. Brasher, is that all it's pronounced bill Brasher your honor. Good morning. You may proceed. Thank you your honor I'm here on behalf of BNSF on his cross appeal dealing with a Railroad retirement tax issue Although it may seem unusual for the railroad to be asking you to confirm that railroad retirement taxes are due on An award and have to be deducted from a judgment But that's the position that the railroad is in today and it's unusual because by taking this position BNSF is put in putting itself in the position where it has to pay substantially more taxes on a judgment Substantially more taxes because it is taxed at a much higher rate for the employer side of this Contribution than the employee in this case in particular Mr. Lowe's had deducted from the judgment some three thousand dollars whereas the BNSF had to pay its employer side of that contribution to the railroad retirement system In excess of six thousand dollars we take that position not because it benefits the railroad in this particular case It costs the railroad money in this case and it will cost the railroad money in Every other case in which there is an award before time lost in any judgment It takes this position your honors because it is required to do so by federal law It takes this position because it is entirely consistent with the history Regarding the development and structure of the Railroad Retirement Act and the Railroad Retirement Tax Act in the 1930s And it is completely supported by the record in the congressional hearings regarding the tax acts in the 1930s and 1940s where labor where the railway executive Labor's Association Advocated the reason for this change and that was because it would benefit the railroad employee if they got credit by paying taxes for the time that they lost because of personal injury Benefits that would inure to them upon reaching retirement benefits, which mr. Lowe's will have because when the taxes were paid the Regulations and the act requires that the railroad allocate credit to him for that period of time that he was off on personal injury and that Increases his benefit and will increase his benefit when he reaches the age of retirement at age 66 or 67 whatever it may be for his date of birth There is a statement in plaintiff's brief that he gets no benefit from this he gets benefit from every month of extra time he gets Credited with for payment for time lost Every court that has looked at this issue virtually every court has looked at this issue has said the term Compensation is what governs when the taxes do every court that has looked at this as an essence said compensation includes payments for time lost on judgments the trial court in this case Reached that same conclusion the trial court in the Cowden case cited with approval by plaintiffs counsel also reached that same conclusion and that is awards of judgment which include pay for time loss include Compensation under the act plaintiff is cited the Regulation in the Railroad Retirement Tax Act that says that the term compensation has the same meaning as wages in section 31 12 a Except and they omitted this from their brief and I'm glad that counsel has advised the court of this except as specifically limited by the Railroad Retirement Tax Act or regulation the IRS administers the Tax Act other the regulations that they have promulgated under title 26 includes specifically That compensation is not confined to amounts paid for active service but includes amounts paid for identifiable periods of time during which the employees absence from the active service of the lawyer they have issued regulations and as the regulation promulgated by the Commissioner Quotes, it says the Commissioner may provide additional guidance that may be necessary or appropriate in applying the definitions of section 3121 a and 32 31 e which we're talking about here and those regulations specifically provide that Taxes is due for an identifiable period of time in which the plaintiff is absent from work because of personal injury What is the date of those regulations That regulation I'll have to ask the government a specific date of the regulation But I can tell you your honor that it predates by a significant period of time This case and it's not a new regulation at all In other words, and then I guess the follow-up question is and maybe the answer is so obvious that I only I Have overlooked it. Why have as why have these not why have these words not been subject to? Tax and recently until 2013 they have been subject they have been there has been no change since there was a recognition in 1943 in the congressional record there has been no change. What are we to make of the Fact that Congress amended the Railroad Retirement Tax Act and removed all the specific language That that made it clear that this was taxable They removed it in the Tax Act, but it remained in the Railroad Retirement Act your honor It was just redundant, but the regulations covered that specific thing So it was not necessary anymore and everybody that's looked at the issue said there was no intent to revise the law as it existed When they looked at this issue and removed that specific language in 1983 and why not just leave it in Why not just leave it in a good question your honor, but we know specifically that Those items that were exempt from taxation under the Railroad Retirement Tax Act are specifically enumerated And in fact that was not one of the things that was enumerated as an exemption and that brings me to the 104 issue Your honor. Can I ask this when I asked to the were these lost wages lost pay? Your opposing council said now wait a minute this this involves a situation where there's going to be lost pay in the future because of Injury and tried to lump it in with the personal injury aspect of this Which I think generally is not subject to the tax and correct me if I'm wrong about that Is that what we're talking about here is is you know talking specifically your honor about pay for time lost and identified? Period period of time that may be a loss in the past as it was only in this case And it may be a loss in the future where in fact a jury allocates as they did in this case a Specific amount for that wage loss we can identify it, and that's what's taxable if as in Heckman as in Phillips and and as in Libertor they don't specify the regs are very clear the entire award is deemed to be paid for time lost and taxed And that's exactly what happens here your honor, so they have contemplated the situation where you can't allocate And the plaintiff could request an allocation if they want if plaintiff is unhappy with the system and the tax system that we have You go to Congress and get it changed, or if you don't think you have to pay the taxes There's a process to appeal through the tax commissioner That was not followed in this case Can you respond to the argument that was made that the instructions the jury? Instructions suggests that it's supposed to be the award is supposed to be net of taxes Yes, your honor, but that's very specific, and that's the 104 argument in the lie Pelt case the US Supreme Court said You cannot award an amount that takes into account taxes You're not to consider it taxes on any award and that was limited to federal income tax your honor And that's because section 104 has a specific exemption for income Taxation and that those are not taxable there is no such exemption for the Railroad Retirement Act And I might have to address for just one moment if I could the FICA argument The difference between FICA and the Railroad Retirement Act and Railroad Retirement Tax Act is under FICA an employee gets no Credit that benefits him in the future, so he pays no taxes on that But the entire system for Railroad Retirement is entirely different And that is it's different because it's set up so that the taxes are paid so that employee can get the credit for Future benefits my time is up your honors unless you have some more questions. Let's maybe I misunderstood mr. Walsh's argument Our Railroad our Railroad employees aware that their Fila awards are subject to taxation Maybe makes no difference You're absolutely Blindsided by this in any way absolutely your honor because if you look at the Railroad Retirement Board website you will find on that website All kinds of publications that have been there for decades advising employees who bother to look at the website that an award or even a settlement is subject to Railroad retirement taxes your honor, and we have attached those to our appendix they have been there They have been there for decades They are aware of that fact and in fact Council is aware of it to what hasn't occurred in the past for whatever reason and it's certainly not a reason not to enforce The law is written today. Is that in decades past? There was not a recognition apparently or there was not any Enforcement of what we now think the law is a law that benefits not the railroads it cost the railroads money But nonetheless we're here today asking that you Affirm that this deduction was proper and the railroad must pay its share of taxes and the employee must pay his or her Share of taxes because that's the mechanism that funds this program Again this is irrelevant, but it seems more than passing strange that this law has not been enforced over the years I mean the taxation Your honor I can't I can't disagree okay I can't disagree, but it's the law is the law and we have to enforce it as written. It's of no relevance Well, thank you for your thank you Yes, Marianne Erickson here on behalf of the United States as amicus first of all Thank you for allowing me to participate in the argument I'm here today. Just because we want to emphasize the importance to the government of What the railroad is trying to do here, which is to comply with what we believe is the correct interpretation of federal tax law There are a number of points that have been discussed already But I just want to emphasize that in order to get to the right conclusion I think we need to get there to two parts the first part the district court got right the district court acknowledged that That under the statutes and the regulations On payments for time lost are considered compensation for purposes of the RRTA and That that taxes need to be withheld And this court has recognized that as well in the Norton case So I don't think that should be too difficult of a leap But the more troubling issue I feel from what I've heard you talking about already so far is this 104 a to exception and that? Is more complicated But I think it's pretty clear when you look at it in context that the 104 a to exception for personal injury awards Only applies and we we acknowledge that that means that this no part of this award is subject to income tax, but but it is subject to the railroad retirement tax and The reason for that I think mr Lose's argument seems to be that because the whole thing is a is a personal injury award It's an award under FELA that it can't also be compensation. Well, if that were true What was the point of the jury designating $30,000 of the award as pay for time lost? The jury did that because there is both a benefit and a cost to mr. Lose from that designation He will benefit by having increased retirement benefits when he reaches retirement age, but in on the other hand He needs to contribute to that system. It's not a dollar-for-dollar match It's not a direct relationship But there is a there is definitely a relationship between the funding that goes into that program and the benefits that are paid out Suppose from what a better analogy. Mr. Luce's argument might be a bird in the hand is better than something down the road In terms cash today versus some incremental increase when I retirement but retire I can't speak to his motivation your honor. Well, I guess it's irrelevant But I think if you look at the As again, as mr. Brasher says if you if someone who's not a railroad employee receives a personal injury award That's not included in income tax. There are no FICA taxes withheld. It's not included in their base lifetime earnings It doesn't affect their Social Security benefits whatsoever but in this case the mechanism for reporting because this $30,000 was designated as Time payment for time lost. It's going to be reported to the Railroad Retirement Board as Creditable time it's going to affect his benefits. There's no reporting mechanism for them to say. Oh, but wait He didn't pay the taxes on that He's going to get the benefits no matter what and so I think from a logical and from a policy and we believe it's Supported as well in the in the Treasury regulation and the statute those two things need to match up Maybe the best explanation of the Railroad Retirement Act is that it's sui generis. It's one of a kind I believe that's absolutely right your honor It's it's it's similar to the FICA, but it's not the same in many important respects. Well, we thank you Oh, I'm there you have time you have time left. No, I'm only if you have any further questions All right. Well, we thank you Mr. Wolf Judge woman You're right it should be the employees decision as to whether to take a deferred benefit by having an Allocation to pay for time loss or whether to take the money now in mr Lowe's his case this allocation does nothing for him in terms of any railroad retirement benefits He didn't ask for pay for time lost. He just asked for the lost money in hand He would have gotten had he not been injured by the railroads negligence It seems very peculiar to say the least to say that it's up to the railroad to decide Whether to give the employee this so-called benefit by having this allocation More logically the employee should make that decision by saying I want a specific allocation Not saying they have a choice. They're saying they're required to do this, right? But they haven't been required to do that ever in the decades that preceded 2013 and I represent a firm that has gotten hundreds of that the LA Judgments and has gotten a paid 100% on every single one of those judgments Every single one of them including against BNSF and there has never been withholding for our TA tax purposes So this is a newly concocted argument for I don't know what reason And it's important to keep that in mind judgments have never had Taxes withheld from them in the FBLA context up until the railroad tried to start doing that in around 2013 and in our judgments, they've never been withheld because we succeeded in the Mickey and counting cases now judge Grinder Technical question on that it occurred to me that even if taxes are due From your client a contribution that technically it isn't correct to set it off Against this judgment, but rather it would just give rise to a claim on behalf of the railroad against him Yes, your honor I don't think the railroad has that right under the statutes To do that, but but that's a separate point And I guess that would be one mechanism by which they could pursue that a contribution for what they had to pay Yeah, possibly but they're not entitled to that Pay for time loss is not the same thing as lost wages and that's an extremely important point The statute the regulations could have just said lost wages back pay That's the commonly understood term for paying for money you lost because of the injury that you suffered Instead the phrase is specifically pay for time loss and that's a specific provision regarding the Railroad Retirement Act in terms of getting credits under the RRA system for Compensation in specific months to get you up to your minimum years of service in order to qualify for the tier 2 pension And in order to get the maximum amount for your 60 months worth of compensation That's calculated as your average annual compensation for purposes of determining what your tier 2 pension benefit is So it's a very specifically limited term now if the railroad and the employee come to a settlement whereby the employee says look part of what I suffered isn't just the money that I'm out of pocket and the fact that I Don't have a limb anymore part of what I suffered is that I didn't get the few final few months of compensation that gets me to my 30 years of service to qualify me for a disability benefit under tier 2 I want an allocation to pay for time loss for these particular months to get there Under those circumstances arguably that would be taxable because that falls within the definition the statute But that's not what the jury awarded in this case. That's not what mr. Lowe's asked for in this case Mr. Lowe's doesn't want any of that So why should it be foisted upon him just because the jury said you know part of the compensation you're entitled to for the fact That your knee got destroyed by the railroad is the money you would have earned had you had a good knee during that time period that's Lost wages in a sense. It's reimbursing him for the loss of the use of his knee Basically is what it is. It's not pay for time loss Therefore not under that regimen of taxation if that argument even applied and I'm not necessarily conceding it does Let me get back to one point Let's look at the statutory language is arguing about one of whether 104 a to applies or not and keep in mind Even if there's an overt award of lost wages and a personal injury judgment under 104 a to it is not taxable income Period no matter how it's designated 26 USC section 3201 the tax on employees there is hereby imposed on the income of each employee a tax equal to etc Personal injury awards are not income according to Congress section 104 a to There is no tax imposed under the railroad retirement tax act on Satisfaction about the LA judgments. It's as simple as that Unless your honors have any other questions, I'll finish with that Thank you for you both sides for the argument the case is now submitted and we will take it under consideration